## YULE *v.* CROWLEY

[No. 143, September Term, 1967.]

*Decided March 8, 1968.*

The cause was submitted on brief to HAMMOND, C. J., MAR-BURY, BARNES, FINAN and SINGLEY, JJ.

Submitted by *Morris Levine* for the appellant.

No brief filed for appellee.

FINAN, J., delivered the opinion of the Court.

This is an appeal from the denial of appellant's motion for a transfer of action from law to equity. Appellant commenced an action at law against Michael S. Crowley and Sally M. Crowley, his wife, who is not a party to this appeal. On February 17, 1967, the lower court entered judgment nisi in favor of appellant against Sally M. Crowley, but dismissed the action against Michael S. Crowley, the court noting that "were this a cause in equity, the results may have been different." On February 21, 1967, appellant filed motions to transfer the suit to equity and for a partial new trial. On May 19, both motions were denied in open court.

Prior to 1961, Maryland Rule 515 a read as follows:

> "Where it shall appear that the plaintiff is or may be entitled to some relief or remedy, but not in the particular court, or on the side of the court in which the action is brought or the relief is prayed, the plaintiff shall not on that account be nonsuited or the action dismissed, but the action *may, in the discretion of the court in which pending be* transferred by an order to such proper court or docket, either of equity or law, in the same county, as the nature thereof may require, and upon such terms as to the payment of costs as the court may order."

The 1961 amendment to this rule deleted the italicized words and substituted the words "shall be." The obvious import of

this amendment was to create the right of mandatory removal to the proper court, if the motion be timely made, where it appears that "the plaintiff is or may be entitled to some relief or remedy."

Rule 515 b provides that when the law action is before a non-jury court, as in this case, the transfer may be made at any time before the final judgment is entered. Normally, this is three days after the date of the judgment nisi. Md. Rule 567 a, e.

The facts show that appellant filed his motions on February 21, *four* days later than the February 17 judgment nisi. However, the Court notes that February 17 fell on a Friday. Under the Maryland Rules, where a period of time prescribed by the rules is seven days or less, "intermediate Sundays, Saturdays and legal holidays shall not be counted in computing the period of time." Md. Rule 8. Therefore, the appellant's motions were actually filed on the second "day" after the entrance of the judgment nisi, well within the time allowed by Rule 515 b.

This Court in adopting the amendment to Rule 515 a, as proposed by the Rules Committee, recognized that substantial injustice may result from a refusal to transfer an action where the movant has made the error of commencing his action on the wrong side of the court. Such an error, of itself, is not ground for dismissal or nonsuit, and when a motion for transfer is appropriately made, the court, since 1961, must grant the transfer.

*Order denying motion reversed and cause remanded for entrance of order in conformity with this opinion; costs to abide the result.*